**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4081**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DERRICK DESHAWN LEE, a/k/a Derrick Deshaune Lee,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00196-WO-1)

Submitted:  August 31, 2015           Decided:  August 11, 2016

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Deshawn Lee appeals his conviction and 200-month sentence for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). Lee argues that the district court constructively amended the indictment in its instructions to the jury and that it was required to submit to the jury the question of whether he had three prior violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). We ordered supplemental briefing regarding the effect of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (invalidating ACCA's residual clause), on Lee's ACCA enhancement. We affirm Lee's conviction, vacate Lee's sentence, and remand for resentencing without the ACCA enhancement.

We first address Lee's claim that the district court constructively amended the indictment. The indictment charged Lee with possessing "approximately ten rounds" of ammunition. Three of these rounds were found in Lee's pocket while the rest were found in a nearby firearm. During deliberations, the jurors inquired whether they could convict Lee of possessing only three rounds. Over Lee's objection, the district court answered that they could, as long as they unanimously agreed regarding which rounds Lee possessed. Lee contends that this instruction constructively amended the indictment.

"We review the correctness of a jury instruction regarding the elements of an offense," including claims that the challenged instruction constructively amended the indictment, "de novo, as a question of law." United States v. Ali, 735 F.3d 176, 186 (4th Cir. 2013). A district court constructively amends an indictment when it, "through its instructions to the jury, . . . broadens the bases for conviction beyond those charged in the indictment." United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013). However, when the indictment alleges multiple facts that could each independently establish an element of the offense, the jury may properly convict based on any of those facts. United States v. Robinson, 627 F.3d 941, 958 (4th Cir. 2010).

The indictment alleged that Lee possessed approximately ten rounds of ammunition. Because a finding that he possessed any of these rounds could independently establish that he possessed ammunition, we conclude that the jury was permitted to convict based on its unanimous finding that he possessed the three rounds that were recovered from his pocket. Cf. Allmendinger, 706 F.3d at 339-40 (finding no constructive amendment where Government "proved a more narrow conspiracy than was charged"). Accordingly, we affirm Lee's conviction.

We next consider whether the district court erred by applying the ACCA. Because Lee did not argue in the district

3

court that his prior convictions were not violent felonies, we review this issue for plain error. United States v. Fuertes, 805 F.3d 485, 497 (4th Cir. 2015), cert. denied, 136 S. Ct. 1220 (2016). To demonstrate plain error, Lee "must show: (1) there was an error; (2) the error was . . . [plain]; [and] (3) the error affected [his] substantial rights." Id. (internal quotation marks omitted). "An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013). In determining whether an error is plain, we examine the state of the law at the time of our review, not at the time of the district court's decision. Id.

The ACCA applies only if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Under Johnson, a felony is considered "violent" only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B); see Johnson, 135 S. Ct. at 2563. The district court applied the ACCA based upon three prior North Carolina felony convictions:

4

(1) second-degree murder, (2) voluntary manslaughter, and (3) attempted second-degree arson.[1]

Under North Carolina law, "[t]he elements of an attempt to commit any crime are: (1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." State v. Miller, 477 S.E.2d 915, 921 (N.C. 1996). "The elements of [North Carolina] second-degree arson are: (1) the willful and malicious burning (2) of the dwelling (i.e., inhabited) house of another; (3) which is unoccupied at the time of the burning." State v. Scott, 564 S.E.2d 285, 293 (N.C. Ct. App. 2002). Because attempted second-degree arson does not require that the defendant commit the offense of arson, but instead requires that that offense not be completed, we conclude that it does not constitute generic arson under the ACCA. Cf. James v. United States, 550 U.S. 192, 197 (2007) (holding that attempted burglary under Florida law did not constitute generic burglary because Florida attempt statute required that attempt

---

[1] Lee also has a prior North Carolina conviction for felony common-law robbery. The Government argues that this conviction provides another ACCA predicate. However, after the Government filed its supplemental brief, we held in United States v. Gardner, __ F.3d __, No. 14-4533, 2016 WL 2893881, at *5-8 (4th Cir. May 18, 2016), that North Carolina common-law robbery is not a valid ACCA predicate under Johnson. Accordingly, Gardner precludes the use of Lee's robbery conviction as an ACCA predicate.

5

not succeed), <u>abrogated on other grounds by</u> Johnson, 135 S. Ct. at 2563. Nor does attempted second-degree arson require the use, attempted use, or threatened use of physical force against the person of another. Accordingly, we conclude that the district court plainly erred under Johnson in relying on Lee's attempted second-degree arson conviction as an ACCA predicate. We need not decide whether the district court plainly erred in relying on Lee's murder and manslaughter convictions as ACCA predicates because even if these predicates are not implicated by Johnson, they provide only two of the three violent felonies required for an enhancement under the ACCA.[2]

Although the district court correctly applied the ACCA under the law that existed at the time of sentencing, this decision is plainly erroneous in light of Johnson and its progeny. This error affected Lee's substantial rights by increasing his statutory term of imprisonment from a maximum of 10 years to a minimum of 15 years. See 18 U.S.C. § 924(a)(2), (e) (2012). Accordingly, we affirm Lee's conviction, vacate Lee's sentence, and remand for resentencing without the ACCA enhancement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[2] Because we hold that the ACCA is inapplicable, we do not reach Lee's argument that the district court erred by failing to submit his prior convictions to the jury.

before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>